*Referee, Workmen's Compensation Bureau.*

NEW JERSEY DEPARTMENT OF LABOR.

WORKMEN'S COMPENSATION BUREAU.

AUGUST KALAYIS, petitioner,

*v.*

GEORGE PUCHINKIS, respondent.

**Carpenter—Temporary Disability—Injury to Heart.**

This matter coming on to be heard on petition and answer on June 5th, June 12th and June 30th, 1924, petitioner being represented by Samuel Greenstone, Esq., and respondent by Charles W. Weeks, Esq., of Congleton, Stallman & Hoover, Esqs., and the court having heard the testimony offered in behalf of the parties and the argument of respective counsel.

I find from the evidence that the petitioner was, on the 29th day of October, 1923, employed by the respondent as a carpenter, and that on that day, while lifting a door pre-

paratory to setting the same, he experienced a pain in his chest, and, subsequently, spit some blood. Thereafter, and obout one-thiry P. M. on that day, he stopped work and went to his home, whereupon his wife called in Dr. Chiger, who arrived at the house about eight o'clock that evening.

It appears from the testimony of Dr. Chiger that he found the patient suffering from acute dilatation of the heart, and that he prescribed for this condition, and did not see the man except at considerable intervals extending over a period of four or five months, and that the last time he saw him, in February or March, 1924, the condition of acute dilatation of the heart, for which he had been treating the petitioner, had been compensated for by reason of the treatment.

The petitioner produced several doctors who testified that, upon an examination made some two or three months after Dr. Chiger last saw petitioner, they found evidence of a pulmonary condition and an enlarged heart. These doctors all stated that the condition which they found at the time of their examination might have come from any one of several causes, and none of them were able to say with reasonable certainty that the condition was attributable to the happening on October 29th.

Before the hearing was resumed on June 12th, the petitioner was examined by Dr. Lewy in a room adjoining the court room in the presence of Drs. Fine, Brown and Avidan, and Dr. Lewy was subsequently sworn on behalf of the petitioner for the purpose of supporting the testimony of the petitioner's other physicians, but petitioner's counsel did not ask this doctor what he found the condition of the petitioner to be as a result of his examination, contenting himself merely with asking the doctor a hypothetical question based upon what he conceived the facts to be in the case. Now, it seems peculiarly significant that if the doctor found any such condition as the other doctors sworn on behalf of the petitioner testified to, that he was not asked to give his opinion based upon his examination, and that he did not find any such condition is further shown by the fact that Drs. Brown, Fine and Avidan, who were all present at the exami-

nation just referred to, testified that in addition to observing the examination of the petitioner by Dr. Lewy, they made their own examination and found that the petitioner's heart was normal, and that they could see no reason why he should not return to work at that time.  Dr. Brown testified that when he examined the petitioner in December of 1923, petitioner had so far recovered as to be then able to return to work.  And Dr. Fine examined the petitioner in his capacity as consultant to the health clinic of the board of health of the city of Newark, in February or March, 1924, and found no evidence of any enlargement of the heart, and in his opinion the petitioner's heart was normal and he was able to work at that time.  And it is to be remarked in this connection that Dr. Fine's examinations were not made at the instance of either party.

A detailed discussion of the medical testimony will serve no useful purpose as from the whole of the medical testimony and the testimony and appearance of the petitioner at the trial, I am satisfied that he has not sustained any permanent disability as a result of the occurrence on October 29th.

I am inclined to the belief that the testimony of the occurrence of October 29th shows an accident within the meaning of the statute, and that the petitioner suffered some temporary disability, which, from the testimony, did not extend far, if at all, beyond the time when Dr. Chiger ceased to treat the patient in the latter part of March.

I will therefore award the petitioner in this case temporary disability at the rate of $17 per week, there being no dispute that the amount of his wages was $44 per week, down to April 15th, 1924, or a total of twenty-three and one-third weeks.  I will also award counsel fee to the counsel for petitioner in the sum of $75, to be paid half by the petitioner and the balance by the respondent.

HARRY J. GOAS,

September 18th, 1924.                                    *Commissioner.*